■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES PARKER REGAN, Appellant.— REYNOLDS, J. Appeal from a judgment of the County Court, Ulster County, rendered upon a jury verdict convicting appellant of the crime of receiving stolen property (former Penal Law, § 1308). Appellant and his two codefendants were driving in a car owned by one Reres when the police stopped the vehicle ostensibly for a traffic violation. While so detained a search of the trunk of the car was conducted and two calculating machines which had previously been stolen from the Ellenville Handle Works were discovered. These machines, the possession of which form the basis of the criminal charge involved, appellant asserts were obtained by an illegal search and seizure and thus should have been suppressed. In our opinion, even assuming that the traffic charge was not the actual motive for stopping the car, there was sufficient justification for the brief detention here involved, particularly in view of the series of 8 to 10 anonymous phone calls received by the police naming appellant as the possessor of the particular machines involved and the last of which stated that he was then loading the machines into a car (*People v. Taggart*, 20 N Y 2d 335; *People v. Rivera*, 14 N Y 2d 441). Additionally, while the police officers admittedly did not have a search warrant and did not conduct the search as an incident to the traffic arrest, it is clear that they did so only after they had received permission directly from Reres, the owner of the car. Concededly, the police officers procured permission from Reres after the codefendant driver of the car stated, without the warnings required by *Miranda v. Arizona* (384 U. S. 436), that there were machines in the trunk and that Reres had the key to open it. However, it is also evident that even if such warnings were required here (see *People v. Torres*, 21 N Y 2d 49; *People v. Rodney P.* [*Anonymous*], 21 N Y 2d 1), the police had reason already to believe that the stolen goods were in the car and knew that the owner, Reres, was working only one block away. Thus, we cannot

say that the codefendant's admission was the cause of the police seeking Reres' consent; it, in effect, did no more than confirm a previously conceived intention to search the trunk if legally possible. Accordingly, the ensuing search was not the fruit of a "poisonous tree" (*People* v. *Soto,* 55 Misc 2d 219). Appellant raises numerous other issues, but we find no merit therein and the judgment appealed from must, therefore, be affirmed. Judgment affirmed. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.